UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH PIARD,<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER MATEWSKY and<br>OFFICER OSTERGARD,<br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 24-40128-DHH |

**ORDER**

**April 27, 2026**

Hennessy, M.J.

This matter is before the Court on Plaintiff Joseph Piard's Motion for Reconsideration. [Dkt. No. 61].  For the reasons that follow, Piard's Motion for Reconsideration is denied.

**I.　　BACKGROUND**

Piard is confined at the North Central Correctional Institution in Gardner, Massachusetts ("NCCI-Gardner").  [Dkt. No. 1 at p. 2].  On October 14, 2024, Piard requested toilet paper from Defendants who are correctional officers employed at NCCI-Gardner.  Id. at 2, 12.  The Complaint alleges that Defendants responded that they did not have any toilet paper available; however, the Defendants then provided toilet paper to three non-minority inmates.  Id. at 12. That same day, Piard submitted an informal complaint form detailing the Defendants' alleged actions.  [Dkt. No. 43-1].  On October 24, 2024, the informal complaint was denied.  [Dkt. No. 43-2].

On October 16, 2024, two days after the incident, Piard filed this case in federal court alleging that Defendants refused to provide him toilet paper because of his race and in retaliation

for the grievances and lawsuits he has filed against correction officers. [Dkt. No. 1]. On December 3, 2025, Defendants filed a Motion to Dismiss or alternatively for Summary Judgment. [Dkt. No. 43]. On January 6, 2026, this Court granted the Defendants' Motion to Dismiss. [Dkt. No. 54]. On January 13, 2026, Piard filed an untimely opposition to Defendants' Motion for Summary Judgment. [Dkt. No. 58].

On February 10, 2026, Piard filed a Motion for Reconsideration arguing that pursuant to the Prison Mailbox Rule, his pleadings were timely filed 12 days prior to the procedural deadline. [Dkt. No. 61]. Defendants filed an Opposition to Piard's Motion for Reconsideration arguing that, even if Piard satisfied his responsive filing deadline, he failed to exhaust all his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). [Dkt. No. 62]. Finally, on February 26, 2026, Piard replied arguing that (1) administrative remedies were unavailable because he was threatened and punished for filing grievances in the past, and (2) Defendants frustrated his ability to respond to their Motion for Summary Judgment by blocking his attempts to timely file. [Dkt. No. 66 at pp. 3-4]; see Fed. R. Civ. Pro 59(e), 60(b).

## II.    STANDARD

The Federal Rules of Civil Procedure allow for relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); see also Fed. R. Civ. P. 59(e). "[A] party's failure to file on time for reasons beyond his or her control is not considered to constitute neglect." Pioneer Inv. Services

2

Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 394 (1993) (internal citations omitted). The

catchall provision of Rule 60(b)(6) is available only in narrow circumstances when relief under

Rules 60(b)(1) through (b)(5) is unavailable. BLOM Bank SAL v. Honickman, 605 U.S. 204,

211 (2025). The Supreme Court has stated that the general purpose of Rule 60(b) is "to make an

exception to finality." Waetzig v. Halliburton Energy Services, Inc., 604 U.S. 304, 309 (2025)

(internal quotation marks omitted). "The Rule 'attempts to strike a proper balance between the

conflicting principles that litigation must be brought to an end and that justice should be done.'"

Id. (quoting 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2851, p. 286

(3d ed. 2012)).

### III.    ANALYSIS

As a threshold matter, a dismissal under Rule 12(b) "operates as an adjudication on the

merits" and thus is a final judgment for Rule 60(b) purposes. Fed. R. Civ. P. 12(b); see also Fed.

R. Civ. P. 60(b). Accordingly, Piard has standing to bring this Rule 60(b) motion for

reconsideration.

Piard does not make any argument under Rules 60(b)(2) through (b)(6). See [Dkt. No.

61]. The Court construes Piard's argument that his opposition, see [Dkt. No. 58], to Defendants'

Motion to Dismiss, see [Dkt. No. 43], was late only because NCCI-Gardner staff delayed in

mailing his opposition, as an argument that the Court's order granting Defendants' Motion to

Dismiss should be reconsidered as Piard's late opposition constitutes "excusable neglect" under

Rule 60(b)(1). See Fed. R. Civ. P. 60(b)(1).

While it is true that "a party's failure to file on time for reasons beyond his or her control

is not considered to constitute neglect[,]" Pioneer Inv. Services Co., 507 U.S. at 394 (internal

citations omitted), this Court finds that the arguments raised by Piard in that opposition would

3

not have changed its ruling on Defendants' Motion to Dismiss.  In his opposition to the Motion to Dismiss or for Summary Judgment, Piard argued that he was "threatened or intimidated by prison staff into not following the grievance procedure." [Dkt. No. 58 at p. 4].  There are two reasons why Piard's arguments fail.  First, on the day of the alleged incident, Piard submitted an informal complaint form detailing the Defendants' alleged actions.  [Dkt. No. 43-1].  Piard's filing of the informal complaint belies his argument in his opposition that he was threatened or intimidated into not following the grievance procedures.

Second—and this seems disputed—while Piard filed an informal complaint, he otherwise failed to follow through with the grievance process and exhaust his administrative remedies as is required under the Prison Litigation Reform Act ("PLRA").  Ross v. Blake, 578 U.S. 632, 635 (2016).  The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see also Jones v. Bock, 549 U.S. 199, 204 (2007) (stating that administrative exhaustion requirement applies to 42 U.S.C. § 1983 claims).  "[E]xhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." Woodford v. Ngo, 548 U.S. 81, 85 (2006).  As this Court has previously noted in its order granting Defendants' Motion to Dismiss, Piard clearly had not exhausted his administrative remedies when he initiated the instant case.[1]  See [Dkt. No. 54 at pp. 4-5].  Further, even considering Piard's argument that he was threatened or intimidated into not

---

[1] I note that the informal complaint resolution process is only step one of the inmate administrative remedy process. See 103 CMR 491.09.  Following receipt of the informal complaint decision, an inmate has ten business days to file a grievance. 103 CMR 491.14.  The inmate then has an opportunity to appeal an adverse grievance decision to the appellate authority within ten business days of receipt of the grievance decision.  103 CMR 491.16.  It is only once the inmate receives the appeal decision that the administrative remedy process is complete. Id.

4

moving forward with the available administrative process, "there is no 'futility exception' to the PLRA exhaustion requirement." Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002) (quoting Massey v. Wheeler, 221 F.3d 1030, 234 (7th Cir. 2000)). Hence, even on reconsideration and taking into account the arguments in Piard's untimely opposition, the Court would reach the same conclusion that Defendants' Motion to Dismiss should be granted.

## IV.    CONCLUSION

For the foregoing reasons, Piard's Motion for Reconsideration is denied.


So ordered.


/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge